UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JOSE FIGUEROA,

        Plaintiff,                                COMPLAINT

vs.                                             Case No.: 1:18-cv-

280 BLEECKER STREET, LLC, EDWARD
TAYLOR and BLEECKER FISH, LLC,        JURY TRIAL DEMANDED

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - -x

      Plaintiff, JOSE FIGUEROA (hereinafter the "Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues 280 BLEECKER STREET, LLC, EDWARD TAYLOR and BLEECKER FISH, LLC, (hereinafter, the "Defendants") for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. §12181, et. seq., of the AMERICANS WITH DISABILITIES ACT ("ADA"), the NEW YORK CITY HUMAN RIGHTS LAW ("NYCHRL"), and the NEW YORK STATE HUMAN RIGHTS LAW ("NYSHRL") and alleges:

## JURISDICTION AND PARTIES

    1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §1331, 1343, 2201 and pursuant to §1367(a) and the Court has supplemental jurisdiction over Plaintiff's claims brought under the laws of the State of New York.

1

2. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) in that all events giving rise to this lawsuit occurred in New York and the acts of discrimination alleged in this complaint occurred in this District and the public accommodation which is the subject of this action is situated in this District.

3. The remedies provided by the New York State Human Rights Law Against Discrimination are not exclusive and state administrative remedies need not be exhausted in connection with suits brought under the Federal Civil Rights Act.

4. At the time of Plaintiff's visit to the Defendants' Subject Facility in August of 2018, prior to instituting the instant action, JOSE FIGUEROA (hereinafter referred to as "Plaintiff") was a resident of the City and State of New York who lives approximately 8.7 miles from the Subject Facility and suffers from what constitutes a "qualified disability" under the Americans with Disability Act of 1990. He is an individual with numerous disabilities including spinal stenosis which causes a restriction to his spinal canal, resulting in neurological deficits causing him to utilize a wheelchair. In addition, Mr. Figueroa has been diagnosed as HIV positive. Among other sequalae, Plaintiff suffers from periods of chronic fatigue and lack of mobility. The Americans with Disabilities Act defines a person with a disability as a person who has a physical or mental impairment that substantially limits one or more major live activity.

5. The Plaintiff personally visited Defendants' Property, but was denied full and equal access to, and full and equal enjoyment of the facilities at Defendants' Property, which is the subject of this lawsuit. Plaintiff was unable to enter due to a step at the entrance to the Restaurant, and was unable to enter as a result. "To the extent *Camarillo* left unresolved the question of whether deterrence constitutes an injury under the ADA, we now adopt the Ninth Circuit's ruling in *Pickern* and

hold that it does. *See Pickern,* 293 F.3d at 1137–38. In the context of the ADA, the fact that the wheelchair-inaccessible entrance deterred Kreisler from accessing the Diner established a concrete and particularized injury; Kreisler need not attempt to overcome an obvious barrier. *See Kreisler,* 731 F.3d 184

6. Upon information and belief Defendants are authorized to conduct, and is conducting business within the State of New York and is the owner, lessee and/or operator of the real property (hereinafter and heretofore referred to collectively as "Defendants' Property") and the owner of the improvements of the Subject Facility which is located 280 Bleecker street New York, New York 10014 (hereinafter and heretofore referred to collectively as "Subject Facility").

7. Upon information and belief, the Defendants maintain, manage and control the Subject Facility, established as a restaurant, Fish Restaurant, and is a "place of Public Accommodation" within the meaning of Title III of the ADA because its operations affect commerce and among other things, it is "a restaurant, bar or other establishment serving food or drink." 42 U.S.C. §12181(7)(B); see 28 C.F.R. §3 6.104. All events giving rise to this lawsuit occurred in the City and State of New York and as such venue is proper in this Court as the premises are located in the City and State of New York.

**COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

8. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of the Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(a).

9. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

(iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

(iv) individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1) -(3), (5) and (9).

10. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

11. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Subject

Facility is a place of public accommodation in that it is a restaurant, which provides goods and services to the public.

12. The Plaintiff is informed and believes, and therefore alleges, that the Subject Facility has begun operations, and/or undergone substantial remodeling, repairs and/or alterations, since January 26, 1990, and/or has sufficient income to make readily achievable accessibility modifications.

13. Defendants have discriminated, and continues to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at Defendant's Property, in derogation of 42 U.S.C. §12101, et. seq., and as prohibited by 42 U.S.C. §12182, et. seq., and by failing to remove architectural Barriers pursuant to 42 U.S.C. §12182(b) (2) (a) (IV), where such removal is readily achievable.

14. The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at Defendants' Property. The Plaintiff has family and friends in the area, as well as shops and dines in the neighborhood in the East Village and prior to the filing of this lawsuit, Plaintiff personally visited Defendants' Property, with the intention of using Defendants' facilities, but was denied access to the Subject Property, and therefore suffered an injury in fact. Plaintiff specifically states that he desires to return to the Restaurant but is precluded from doing so due to the illegal barriers and continues to be discriminated against due to the architectural barriers which remain at Subject Property, all in violation of the ADA and the New York State and New York City Human Rights Law. Plaintiff will return to the Restaurant as soon as the Facility is accessible to him. The barriers to access the

Restaurant have effectively denied Plaintiff's ability to visit the property and have caused embarrassment and frustration to the Plaintiff by not being able to access the Restaurant.

15. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $110,000 for the first violation and $150,000 for any subsequent violation.

16. The Defendants' Subject Facility is in violation of 42 U.S.C. §12181, et. seq., the ADA and 28 C.F.R. §36.302, et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

Failure to provide accessible entrance due to the step at the entrance to the Restaurant and the failure to install ramps with appropriate slope and signage, and/or otherwise provide accessible and properly designated entrances, as required by 28 C.F.R. Part 36. The step leading up to the Subject Facility at the entrance to the restaurant is an insurmountable barrier to the ingress and egress of Plaintiff and other individuals who use wheelchairs violating 207. Standards 4.3.2(1) requires at least one accessible route be provided from public streets or sidewalks to the accessible building entrance they serve. The step at the entrance to the Restaurant means there is no accessible route for the Plaintiff and others so situated.

The step at the entrance violates 206.1, 206.2, and 206.2.1 by failing to provide an accessible route from the city sidewalk to the restaurant entrance. This step is an insurmountable barrier to the ingress and egress of Plaintiff and other individuals who use wheelchairs violating 207. The step violates 206.4 which require that entrances shall comply with 404 and be on an accessible route complying with 402. The entrance

to the Restaurant doors violates 404.2.4, which requires minimum maneuvering clearances at doorways; 404.2.4.3 by failing to provide adequate maneuvering clearance for a recessed doorway. Changes in level are not allowed. Required minimum maneuvering clearance not provided at entrance doors to the Restaurant; Required minimum maneuvering clearance not provided at entrance doors to the restaurant; Failure to provide accessible aisles of at least 36 inches clearance between parallel edges of tables or between a wall and the table edges to all accessible tables in accordance with the requirements of 28 C.F.R. Part 36, Section 5.3.  Failure to provide accessible seating for a disabled person(s) at a bar or adjacent table in the bar area as required by 2010 ADAAG §902, 902.1, 902.3, 4.32.4.

Inaccessible dining tables as required minimum knee and toe clearance not provided at dining tables.

Compliant signage identifying the restroom not provided as required. Failure to provide an accessible pathway, of at least 36 inches in width, in front of restroom area, in violation of 28 C.F.R. Part 36, Section 4.3.3. The flight of the interior stairs, approximately 13, leading to the Restroom, create an insurmountable barrier to the ingress and egress of Plaintiff and other individuals who use wheelchairs violating 207.1; Failure to provide access to restroom, on lower level without an elevator and/or wheelchair lift, in violation of 28 C.F.R. Part 36, Section 4.3. Failure to provide at least one lavatory that has a clear floor space for a forward approach of at least 30 inches wide and 48 inches long as required by 2010 ADAAG § 606.2; Failure to provide sufficient clear floor space around water closet in bathroom which does not allow for any obstructing elements in these spaces as required by 2010 ADAAG §§ 4.22, 603, 603.2.3, 604, 604.3 and 604.3.1. Failure to provide sufficient clear floor space/sufficient turning radius in restroom, to provide safe adequate maneuverability. Failure to rearrange stall

partitions and/or walls to provide sufficient accessibility and maneuvering space in restroom for individuals with disabilities, as required by 28 C.F.R. Part 36, Section 4.17. Failure to provide a clear path to the water closet that is the proper width as required by 2010 ADAAG § 403.5.1; Failure to provide accessible restroom door handles, that can be operable with one hand and does not require tight grasping, pinching or twisting of the wrist, as required by 28 C.F.R Part 36, Sections 4.13.9 and 4.27.4. Failure to provide at least 17 inches depth clearance under lavatory as required by 28 C.F.R. Part 36, Section 4.19.2, and storage of items underneath. Failure to provide at least 17 inches depth clearance under lavatory as required by 28 C.F.R. Part 36, Section 4.19.2, and storage of items underneath.  Failure to provide a hand operated flush control located on the open side of the accessible water closet as required by Section 604.6.

Failure to provide the required underside clearance of at least 29 inches above the finished floor to the bottom of the apron under lavatory for accessibility, in compliance with 28 C.F.R. Part 36, Section 4.1 and Section 4.19.2. Failure to provide soap dispenser at an accessible height in restroom, as required by 28 C.F.R. Part 36, Section 4.22.7. Failure to install accessible mirror in restrooms in compliance with 28 C.F.R. Part 36, Section 4.19.6. Failure to provide an accessible locking mechanism on restroom door that can be operable with one hand and shall not require tight grasping, pinching or twisting of the wrist as required by 28 C.F.R. Part 36, Section 4.27.4. Failure to provide ADA compliant signage in restroom areas in violation of 28 C.F.R. Part 36, Section 4.30. Failure to install the required rear grab bar in restroom, around an accessible toilet in accordance with 28 C.F.R. Part 36, Section 4.17.6. Failure to provide adequate directional and accurate informational signage throughout the Subject Facility as required by 28 C.F.R. Part 36, Section 4.1.3(16). Failure to provide signage in the Subject Facility addressing people with disabilities telling them that accessible services are provided as

required by 28 C.F.R. Part 36, Section 4.30.4. Photographs depicting some of the discriminatory barriers are annexed as *Exhibit A,* made a part hereof and incorporated by reference herein.

17. Upon information and belief, there are other current violations of the ADA at Defendants' Property, and only upon a full inspection can all said violations be identified.

18. To date the architectural barriers, the removal of which is readily achievable, and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

19. Pursuant to the ADA, 42 U.S.C. §12101 et seq., and 28 C.F.R. §36.304, the Defendants were required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 28, 1992. To date, the Defendant has failed to comply with this mandate.

20. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facility to make them independently accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

21. Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. sections 12188(b)(1)(B)(i), (b)(2)(A)(iv), and 28 C.F.R. Sec. 503(a).

## COUNT II - VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

22. The New York City Human Rights Law provides:

    (a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place or provider shall be refused, withheld from or denied to any person on account of … disability …

    NYC Admin. Code § 8-107(4)(a).

23. Defendants are in violation of the New York City Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Subject Facility.

24. The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 22 as if set forth in their entirety herein.

## COUNT III - VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

25. The New York State Human Rights Law provides:
    (a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation…. because of the … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place

    shall be refused, withheld from or denied to any person on account of … disability ……NYS Executive Law § 296 (2)(a).

26. Defendants' Property is a place of public accommodation as defined in the New York State Human Rights Law.

27. The Defendants have further violated the New York State Human Rights Law by being in violation of the rights provided under the ADA.

28. Defendants are in violation of the New York State Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Subject Facility.

29. The Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law §296(2)(c)(iii).

30. The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 27 as if set forth in their entirety here.

31. As a direct and proximate result of Defendants' unlawful discrimination, in violation of the Executive Law, Plaintiff has suffered and continues to suffer emotional distress, including, but not limited to humiliation, embarrassment, stress and anxiety.

34. The Defendants have subjected, and continues to subject, Plaintiff to disparate treatment by directly and/or indirectly refusing, withholding, and denying the full accommodations of the Subject Facility, and advantages, facilities and privileges of its place of public accommodation, all because of disability, in violation of Administrative Code § 8-107(4).

35. The Defendants have discriminated against Plaintiff in violation of Administrative Code of the City of New York, § 8-107(4), and Local Law 58 by maintaining and/or creating an inaccessible place of public accommodation.

36. The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 58, clarified the scope of the

Administrative Code in relation to the New York City's Human Rights Law. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

The provisions of this title shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

    Restoration Act § 7 amending Administrative Code § 8-130 (emphasis added).

37. The Administrative Code is to be construed broadly in favor of Plaintiff to the fullest extent possible. Albunio v. City of New York, 2011 NY Slip Op 02480 (N.Y. Court of Appeals, March 31, 2011).

38. As a direct and proximate result of the Defendants' unlawful discrimination, in violation of Administrative Code of the City of New York, Plaintiff has suffered an injury in fact.

39. The Defendants' long-standing refusal and/or lack of effort to make the Subject Facility fully accessible was egregious and undertaken with reckless disregard to Plaintiff's rights under the Administrative Code.

40. By failing to comply with the law in effect for decades, the Defendants have articulated to disabled persons, such as the Plaintiff, that they in effect are not welcome and not desired as

patrons of its place of public accommodation.

41. The Defendants unlawful discriminatory conduct constitutes willful and wanton violations of the Administrative Code, for which Plaintiff is entitled to an award of Punitive Damages. Administrative Code § 8-502.

42. The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 41 as if set forth in their entirety here.

## ATTORNEYS' FEES AND COSTS

43. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by the Defendants, pursuant to the ADA and the New York City Human Rights Law. Plaintiff prays for judgment pursuant to N.Y. Exec. Law § 297, including compensatory damages contemplated by § 297(9).

## DAMAGES

44. Plaintiff demands compensatory damages in the sum of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) per violation of the NYCHRL and the NYSHRL, severally;

## INJUNCTIVE RELIEF

45. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, the New York City Human Rights Law, and the New York State Human Rights Law and

closing the subject facilities until the requisite modifications are completed.

**WHEREFORE**, the Plaintiff hereby demands judgment against the Defendants and requests the following injunctive and declaratory relief:

A. The Court declares that the subject property and Subject Facility owned, operated, leased, controlled and/or administered by the Defendants are violative of the ADA, the New York City Human Rights Law, Executive Law and of the New York State Human Rights Law;

B. The Court enter an Order requiring the Defendants to alter their facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA, the NYCHRL and the NYSHRL; issue a permanent injunction ordering the Defendants to remove all violations of the ADA, Executive Law and Administrative Code, including, but not limited to, the violations set forth above;

D. Award plaintiff compensatory damages in a sum of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) per violation, of the NYCHR and the NYSHRL, severally;

E. Issue a permanent injunction against the Defendants, requiring Defendants, and all persons or entities in active concert therewith, to provide accessible route into the restaurant at the Premises for individuals who use wheelchairs, and to make all public portions of the premises accessible to him.

F. Find that Plaintiff is a prevailing party in this lawsuit and award

       reasonable attorney's fees, costs and expenses against Defendants, and award such other and further relief, at law or in equity, to which Plaintiff may be justly entitled;

G.      Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

H.      The Court awards such other and further relief as it deems necessary, just and proper.

## JURY DEMANDED

Plaintiff demands a trial by jury of all issues of fact and damages.

Dated: Syosset, New York
       September 1, 2018

                                       _____S/S_____
                                       Stuart H. Finkelstein, Esq.
                                       Finkelstein Law Group, PLLC
                                       Attorneys for Plaintiff
                                       338 Jericho Turnpike
                                       Syosset, New York 11791
                                       (718) 261- 4900

Exhibit "A"









